UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LEE RATZEL,

        Plaintiff,

v.                                            Case No. 06-C-689

TIM ZIEGLER,

        Defendant.

**DECISION AND ORDER**

Plaintiff Lee Ratzel, who is a Chapter 980 inmate incarcerated at the Wisconsin Resource Center in Winnebago, brought this action under 42 U.S.C. § 1983. He alleges that defendant Tim Ziegler, a supervising officer, unlawfully restrained him and subjected him to a strip search, in violation of the Due Process Clause. Ratzel has filed a motion for partial summary judgment, as well as a request for appointment of counsel. Ziegler has moved for summary judgment. Ratzel has not filed a brief in opposition, although he has filed an affidavit and a statement of disputed facts. For the reasons given below, the defendant's motion will be granted and the plaintiff's denied.[1]

**I. Analysis**

As in an earlier case the plaintiff brought against a different WRC captain (Case No. 05-C-1289), the underlying facts here present a fairly benign interaction between Ratzel and WRC staff.

---

[1] Plaintiff indicates he wishes to stay any action on this lawsuit if his motion for appointment of counsel is denied. At this stage, however, the defendant is entitled to proceed with the case and obtain a decision on the merits. Moreover, there is nothing about the case that is so complex or unusual that this court would seek the appointment of counsel. The plaintiff has shown himself able to present the facts adequately and to make the requisite arguments.

Essentially, Ratzel returned to the WRC from an off-unit activity (a ceramics class) and refused to allow staff to conduct a pat search on him. Defendant Ziegler, a supervisor, was ultimately called in, and Ratzel continued to refuse a search. In response, staff conducted Ratzel to a secluded room and restrained him. Ratzel continued to refuse a search and stated he would not comply with a strip search either. He was chained to the cell door and strip searched. The windows of nearby cells were covered to provide privacy. After the search, Ratzel refused to don the orange jumper he was given and was therefore kept in seclusion until, less than an hour and a half later, he complied and put on his clothes.

The plaintiff's version of events adds little to the factual record. He states that he requested that a psychologist or physician be called because he is a civilly detained patient and not a prisoner. He also adds that he called the defendant an obscene name and that in response the defendant ordered the plaintiff be denied clothing while he was in seclusion. Finally, he asserts that several hours passed between his initial refusal of a strip search and the defendant's conducting of the strip search. This, in his view, means the search and seclusion were not conducted in the least restrictive manner.

In screening the case, the court read the plaintiff's *pro se* allegations liberally. Now that the facts have been fleshed out, however, none of the plaintiff's assertions suggests the violation of any constitutional rights. As this court explained in Case No. 05-C-1289, the staff of a state facility may order restraints or seclusion without violating due process so long as it is reasonably related to the maintenance of institutional security or some other legitimate goal. Here, ordering a strip search and concomitant seclusion was reasonable given the plaintiff's refusal to consent to a pat down search earlier. To find otherwise would be tantamount to finding that Chapter 980 inmates have the

2

"right" to refuse searches for any reason at all, and there is no basis for such a conclusion given the security needs of an institution like the WRC. "Whether it be called a jail, a prison, or a custodial center, the purpose of the facility is to detain  Loss of freedom of choice and privacy are inherent incidents of confinement in such a facility.  And the fact that such detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" *Bell v. Wolfish,* 441 U.S. 520, 537 (1979).  And even if I accepted as true the allegation that plaintiff was left naked in his cell for more than an hour, I would find no constitutional violation absent an assertion that the cell was unreasonably cold or that his conditions of confinement for that brief period were unduly harsh.  Thus, this limited deprivation would not rise to the level of wanton or arbitrary behavior that violates the Due Process Clause.

The same goes for any privacy rights that an involuntarily committed inmate retains under the Fourteenth Amendment.  When an inmate has already refused a less invasive search, it is anything but unreasonable that the facility's staff would need to conduct a forcible and more thorough search.  The staff took the precaution of ensuring that other inmates could not view the search, and there is no evidence that anything about the search was especially harsh or invasive. The thrust of plaintiff's claim seems to be that the staff failed to accommodate his request that a physician be present during the strip search, but even if state statutes or regulations required a physician's presence – as Ratzel claims – the defendant's failure to have a physician present does not speak to the issue of privacy that Ratzel raises under the Fourteenth and Fourth Amendments. In other words, the absence or presence of a physician would not affect the reasonableness of any search or implicate the inmate's privacy or liberty, and thus there is no violation of the Constitution.

3

Accordingly, the defendant's motion for summary judgment is GRANTED and the plaintiff's motion for summary judgment is DENIED. The motion to appoint counsel is DENIED.

**SO ORDERED** this   3rd   day of November, 2006.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge

4

Case 2:06-cv-00689-WCG   Filed 11/06/06   Page 4 of 4   Document 35